**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4899**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELANIE RENEE WIGGINS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Timothy M. Cain, District Judge.  (7:16-cr-00705-TMC-14)

Submitted:  January 26, 2021                          Decided:  February 3, 2021

Before WILKINSON and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melanie Renee Wiggins pled guilty to one count of conspiracy to possess with intent to distribute and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Wiggins to 87 months' imprisonment. Wiggins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court plainly erred in finding Wiggins competent to enter a guilty plea because she was taking several medications. We affirm.

Because Wiggins neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw her guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Wiggins "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected h[er] substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). A defendant is competent if she has "sufficient present ability to consult with h[er] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against h[er]." *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). "For medication to render a defendant incompetent, the medication must have so impaired h[er] mental faculties that [s]he was incapable of full understanding and appreciation of the

2

charge[] against h[er], of comprehending h[er] constitutional rights, and of realizing the consequences of h[er] plea." *Nicholson*, 676 F.3d at 382 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not err, plainly or otherwise, in finding Wiggins competent to enter a guilty plea. The district court thoroughly explored the relevant factors during the plea colloquy and properly determined that Wiggins was competent and capable of entering a knowing and voluntary guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the amended criminal judgment. This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*